| | |
|---|---|
| Murat Edis,<br><br>                    Petitioner,<br><br>v.<br><br>Warden, Mesa Verde Detention Facility, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-00358-JLT-SKO<br><br>ORDER WITHDRAWING THE REFERENCE TO THE MAGISTRATE JUDGE AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Docs. 1, 12) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Murat Edit is a federal immigration detainee proceeding pro se with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.)[1] This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a lawful asylum-seeker from Turkey who entered the United States on recognizance in October 2024. (Doc. 12 at 2.) On or about October 6, 2025, Petitioner was detained by immigration officials and is currently detained at Mesa Verde Detention Facility in Bakersfield, California. (*Id.*)

---

[1] In conjunction with his petition for habeas corpus, Petitioner also filed a motion for a temporary restraining order (Doc. 12). Because the Court orders the immediate release of the petition as a result of granting the petition, the motion for temporary restraining order (Doc. 12) is **MOOT**.

1 On January 9, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28
2 U.S.C. § 2241, asserting that his continued detention violates due process. (Doc. 12.) On February
3 16, 2026, Respondents filed a motion to dismiss the Petition on the grounds that Petitioner's
4 detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2).
5 (Doc. 11 at 1.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 12 at 4-6.) To the extent that Respondents substantively address Petitioner's due process argument, they deploy a blanket assertion that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 11 at 1-2.) Courts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chesnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO

(HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.     CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2. Because the government has no evidence that Petitioner poses a risk of flight or poses a danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody. DHS **SHALL NOT** impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

3. Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice[2] of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested

4. Respondents are **DIRECTED** to file a status report within 7 days of this order confirming that Petitioner has been released.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **February 20, 2026**

UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.